# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT E. ADAIR, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-15-53-RAW |
| CITY OF MUSKOGEE, OKLAHOMA, | ) ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the court is the motion of the defendant to dismiss. Plaintiff filed a petition in state court, which the defendant has removed to this court. Plaintiff alleges that he suffered an on-the-job injury as defendant's employee on March 12, 2012, and that he pursued his rights under the Oklahoma Workers' Compensation Act ("the Act"). He alleges that he was constructively discharged on or about March 21, 2014, in retaliation for that conduct. Additionally, he alleges defendant violated the Americans with Disabilities Act ("ADA").

Defendant seeks to dismiss the first claim based upon recent revisions to the Act. Specifically, a Workers' Compensation Commission has been created. *See* 85A O.S. §19(A). This Commission has exclusive jurisdiction to hear and decide retaliation claims. *See* 85A O.S. §§7(A) and (B). The Act further states that it "shall apply only to claims for injuries and death based on accidents which occur on or after the effective date of [the Act]". *See* 85A

O.S. §3(B). Otherwise, the former law applies, according to §3(C). The effective date of the Act is February 1, 2014.

Defendant, understandably, argues that plaintiff's alleged constructive discharge took place on March 21, 2014 and therefore comes under the revised Act, giving jurisdiction over all retaliation claims to the Commission. Plaintiff in turn argues that he suffered the injury for which he pursued a Workers' Compensation claim on March 12, 2012 and therefore the former Act governs and this court has jurisdiction.

"The substantive rights and obligations of the parties in a workers' compensation proceeding are based upon the statutes in effect on the date of the worker's injury." *Carbajal v. Precision Builders, Inc.,* 333 P.3d 258, 259 (Okla.2014)(footnote omitted). Defendant's argument, that the "injury" as to plaintiff's first claim is the alleged retaliatory discharge, is not unreasonable.[1] The statutory language, however, seems to base the structure of the Act on "injury" being defined as the on-the-job injury. Section 3(B) states that the revised Act applies "only to claims for injuries and death based on accidents which occur on or after the effective date of this act." A "claim" for "injuries and death" based upon an "accident" is clearly a standard workers' compensation claim. The substantive right to be free from

---

[1] "The retaliation claim is a completely different type of claim than a claim for physical injury on the job." (#14 at 2). This is true, but no alternative definition for "injury" appears in the Act. Likewise, it is the obligation of the defendant not to retaliate against a claimant. Under the sentence quoted from *Carbajal*, this obligation is based upon the statutes in effect on the date of the worker's injury, not those in effect on the date of the alleged retaliation.

2

retaliation, however, is provided by the act as well. *See* §7(A).[2] Therefore, this court concludes that this court retains jurisdiction over plaintiff's retaliation claim.

As to plaintiff's second claim under the ADA, defendant contends the allegations are insufficient as a matter of law. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Williams v. Allred,* 2015 WL 2117261, *2 (10th Cir.2015). In response to the motion, plaintiff acknowledges the skimpy allegations in the complaint itself, but directs the court to the Charge of Discrimination which plaintiff filed with the EEOC and the subsequent right-to-sue letter he received. The right-to-sue letter itself has no bearing on the sufficiency of the complaint, but the Charge of Discrimination does provide additional factual allegations. This is an unorthodox approach, but other courts have accepted it. *See Morris v. David Lerner Associates,* 680 F.Supp.2d 430, 435-36 (E.D.N.Y.2010). The court declines to dismiss plaintiff's second claim under Rule 12(b)(6) F.R.Cv.P.

It is the order of the court that the defendant's motion to dismiss (#10) is hereby denied.

**ORDERED THIS 27th DAY OF JULY, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] There were anti-retaliation provisions in previous versions of the Act. Specifically, 85 O.S. §5 and its successor, 85 O.S. §341.