# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERT E. ADAIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-053-RAW |
| | ) | |
| **CITY OF MUSKOGEE, OKLAHOMA,** a municipal corporation, | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the court is the motion of the defendant for summary judgment. Plaintiff was a firefighter for defendant and suffered an on-the-job injury on March 7, 2012. He pursued his rights under the Oklahoma Workers' Compensation Act. He contends that he was constructively discharged on or about March 21, 2014, in retaliation for that conduct. Additionally, he contends defendant violated the Americans with Disabilities Act ("ADA").

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. In making that determination, a court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir.2005).

Plaintiff was employed by defendant in its fire department from May 6, 1981 until March 21, 2014. He was "HazMat" Director in defendant's fire department from 2008 until the end of his employment. Plaintiff sought Workers' Compensation benefits. As part of

that proceeding, he was sent for treatment to Dr. David Hicks, who ordered a Functional Capacity Evaluation (FCE). Dr. Hicks placed an occasional lifting restriction of 105 pounds on plaintiff in November, 2012. In roughly the same time period, Dr. Rodgers also imposed a weight-lifting restriction on plaintiff.

The Workers' Compensation Court, in an Order dated March 4, 2014, found that plaintiff had "sustained 12 percent permanent partial impairment" and was entitled to compensation. (#39-8 at page 19 of 22).[1] By application executed March 19, 2014, plaintiff then sought retirement benefits from the Oklahoma Firefighters Pension and Retirement System. (#35-5 at pages 5-6 of 21). The application form signed by plaintiff affirmatively states "[t]hat applicant furthers shows that he/she is at this time so physically or mentally disabled as to prevent the effective performance of his/her duties as such fireman . . . . " *Id.* at page 5 of 21, ¶2b. The State Board of the Oklahoma Firefighters Pension and Retirement System ("State Board")[2] approved the pension, as reflected in a letter dated April 18, 2014. (#35-5 at page 4 of 21). Plaintiff chose to take retirement in lieu of termination so as not to lose other vested benefits.[3]

---

[1] When the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] *See* 11 O.S. §49-100.3.

[3] The court draws some of the factual statements herein from the parties' proposed Pretrial Order, (Section IV), which has been electronically signed by counsel. For completion of the record, the court directs that the proposed Pretrial Order be filed.

2

Oklahoma law prohibits the termination of an employee for filing a workers' compensation claim or initiating a proceeding. *See* 85 O.S. §341(A) (2011).[4] To establish a prima facie case of retaliation, plaintiff must show (1) employment, (2) a job-related injury, (3) medical treatment so that the employer is put on notice, or a good faith start of workers' compensation proceedings and (4) consequent termination. *Tadlock v. Marshall County HMA, LLC,* 603 Fed.Appx. 693 703 (10th Cir.2015). A showing of "consequent termination" requires production of evidence that gives rise to "a legal inference [that] the discharge was significantly motivated by retaliation for exercising one's statutory rights." *Wallace v. Halliburton Co.,* 850 P.2d 1056, 1058 (Okla.1993).[5] Here, plaintiff argues that the temporal proximity of the Order from the Workers' Compensation court (March 4, 2014) and the end of his employment (March 21, 2014) raises such an inference.

The court disagrees, under extant authority. "[T]iming <u>may</u> be evidence of a retaliatory discharge. . . . However, timing does not by itself give rise to the level of evidence required to establish a prima facie case." *Wallace v. Halliburton Co.,* 850 P.2d 1056, 1059 (Okla.1993)(emphasis in original); *Igwe v. Saint Anthony's Hosp.,* 804 F.Supp.2d 1183, 1195

---

[4]The court previously ruled (#28) that an earlier version of Oklahoma law applies to this claim. Section 341(A) was the pertinent statute at the time of plaintiff's injury.

[5]Here, plaintiff was not discharged but chose to retire. If, however, an employee can show that he was faced with a choice of resigning or being fired, he can prove a constructive discharge. *Burks v. Oklahoma Publishing Co.,* 81 F.3d 975, 978 (10th Cir.1996). Whether an employee's job was terminated by the employer and whether that termination was retaliatory are questions for the jury. *Wilson v. Hess-Sweitzer & Brant, Inc.,* 864 P.2d 1279, 1284 (Okla.1993). Oklahoma recognizes the theory of constructive discharge in workers' compensation retaliation cases. *See Green v. Bd. of County Comm'rs,* 472 F.3d 794, 802 (10th Cir.2007).

(W.D.Okla.2011), *aff'd*, 464 Fed.Appx. 685 (10th Cir.2012). *See also Taylor v. Cache Creek Nursing Centers,* 891 P.2d 607, 610 (Okla.Ct.App.1994)(fact that plaintiff "was fired immediately after returning from a two-week doctor-ordered disability leave . . . in itself does not raise a legal inference that the firing was significantly motivated by retaliation.") Rather, plaintiff must show a pattern of termination of workers who filed claims, or of pressure put on workers not to file claims. *Id.*

In his brief, plaintiff baldly states "[i]n terminating him, Defendant mentioned the workers' compensation award. Indeed, in Defendant's internal discussions on terminating Plaintiff, the workers' compensation award stood paramount; it was the impetus to termination." (#39 at 13-14). These assertions are not included in plaintiff's statement of undisputed/disputed facts and are not supported by citation to the record. "On summary judgment, however, simple factual assertions in briefs are not sufficient." *Wade v. Regional Director, IRS,* 2011 WL 4017089, *2 (D.Utah 2011). In resisting summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . citing to particular parts of materials in the record . . . " Rule 56(c)(1)(A) F.R.Cv.P. *See also* Rule 56(e)(3) F.R.Cv.P. Summary judgment will be granted as to this claim.

In the interest of thoroughness, the court addresses subsidiary issues. Assuming *arguendo* that plaintiff has established a prima facie case, the burden shifts to defendant to produce credible evidence of a non-retaliatory explanation for plaintiff's discharge. Defendant points to 85 O.S. §341(C), which permits an employer to not retain "any employee

4

who is determined to be physically unable to perform assigned duties" after the "employee's period of temporary total disability has ended." First, defendant has not pointed to the record to establish that its management in fact relied on that statutory provision in making its decision. Second, the Order of the Workers' Compensation Court found that plaintiff had sustained "12 percent permanent partial impairment," while the statute speaks of "temporary total disability." The Order states that "the issue of temporary total disability is reserved for future hearing." (#39-8 at page 19 of 22, ¶4). The parties have not addressed if such a future hearing took place.

On the other hand, defendant has pointed to evidence in the record that when lifting restrictions were imposed by Dr. Rodgers, plaintiff's superior advised that plaintiff could not remain employed as a firefighter. (#35-2 at page 3 of 8, deposition of plaintiff, page 65, ll.14-23). Plaintiff testified that he was disappointed in the decision but not surprised. (deposition page 66, ll. 8-11). The policy regarding weight-lifting restrictions was unwritten, but was known by employees. (#39-6 at page 5 of 36, deposition page 18, ll.6-16). The court finds that this evidence does establish a non-retaliatory reason for plaintiff's discharge. The burden then shifts again to plaintiff to establish the reason given for termination was pretextual. This may be done directly by persuading the court the discharge was significantly motivated by retaliation for exercise of statutory rights, or indirectly by showing that the employer's proffered explanation is unworthy of credence. *Buckner v. Gen. Motors Corp.*, 760 P.2d 803, 807 (Okla.1988).

5

If the case reached this stage, the court would find plaintiff has failed in his ultimate burden. Plaintiff has put forth the distinction that "Plaintiff's job as HazMat director did not require him to do the work of a firefighter." (#39 at page 2 of 15, ¶6). At one point in his deposition, plaintiff avers "I could do my job with lifting restrictions . . . I wasn't a firefighter. I was a chief's officer. I was special operations. I didn't have to fight fires." (#39-6 at page 23 of 36, deposition page 92, ll. 21-25). The court cannot accept the ingenious taxonomy. Plaintiff <u>was</u> a firefighter employed by the City of Muskogee, and the Muskogee Fire Department has a policy that a firefighter must be unrestricted in lifting weight. (#39-8 at page 7 of 22, deposition of Derek Tatum, page 23 ll. 6-15).[6]

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees. . . ." 42 U.S.C. §12112(a). Because plaintiff contends that defendant terminated his employment solely because of his disability, plaintiff has presented a claim of disparate-treatment discrimination. Such claims may be proved either by presentation of direct evidence of discrimination or using the

---

[6] Defendant also presents a lengthy argument (as to all plaintiff's claims) that plaintiff is subject to waiver or estoppel because of the proceedings before the State Board. Defendant has presented no authority for this proposition and it is unnecessary to the court's decision. The court is somewhat dubious, given that different proceedings operate under different definitions of such critical findings as "disability," and such difficulties have not been explored in the present briefing. The court does not accept plaintiff's argument that the defenses are barred because not expressly raised in defendant's answer. While [t]he general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings," the Tenth Circuit advises courts to "avoid hypertechnicality in pleading requirements." *Creative Consumer Concepts, Inc. v. Kreisler,* 563 F.3d 1070, 1076 (10th Cir.2009). In this court's view, the general scope of defendant's answer demonstrates that plaintiff would not be unfairly prejudiced by the raising of the defense in a summary judgment motion.

burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Fath v. Drive Clean Management, LLC,* 2015 WL 4647282, *3 (N.D.Okla.2015).

As to this claim, plaintiff is again asserting constructive discharge. As previously stated, the Tenth Circuit has held that constructive discharge includes situations where the employee is "faced with a choice between resigning or being fired." *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978 (10th Cir.1996). One of the elements of a prima facie case under the ADA, however, is that plaintiff is a disabled person within the meaning of the ADA. *MacDonald v. Delta Air Lines, Inc.,* 94 F.3d 1437, 1443 (10th Cir.1996). The ADA defines a "disability . . . with respect to an individual" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1). Plaintiff does not meet this definition.

Plaintiff has the burden to show that (1) he has an impairment that (2) substantially limits (3) a major life activity. *Smothers v. Solvay Chemicals, Inc.,* 740 F.3d 530, 545 (10th Cir.2014). The job of firefighter does not constitute a "class of jobs" or a "broad range of jobs in various classes" for purposes of establishing a "substantial limitation" in the major life activity of "working." *See, e..g, Shipley v. City of University City,* 195 F.3d 1020, 1023 (8th Cir.2000)(plaintiff's ADA claim was legally insufficient where he failed to produce evidence that he was regarded as unable to perform other jobs besides that of firefighter).

*See also Welsh v. City of Tulsa, Oklahoma,* 977 F.2d 1415, 1416-1420 (10th Cir.1992)(Rehabilitation Act case). Summary judgment is appropriate.

Plaintiff's final claim is that the medical examination or "FCE" also violated the ADA. The ADA's prohibition against discrimination includes the prohibition of certain medical examinations and inquiries, unless such examination or inquiry is shown to be job-related and consistent with business necessity. *See* 42 U.S.C. §12112(d)(4)(A).[7] Employers are permitted to conduct <u>voluntary</u> medical examinations and make inquiries into the ability of an employee to perform job-related functions. *See Kroll v. White Lake Ambulance Authority,* 691 F.3d 809, 815 n.7 (6th Cir.2012). This court finds that a voluntary medical examination in connection with the employees' pursuit of a workers' compensation claim is job-related and consistent with business necessity. Summary judgment is granted as to this claim as well.

It is the order of the court that the motion for summary judgment of defendant (#34) is hereby granted in all respects.

The proposed Pretrial Order shall be filed of record.

**ORDERED THIS 13th DAY OF OCTOBER, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[7] Plaintiff does not have to prove he is disabled to claim protection under this section of the ADA. *Roe v. Cheyenne Mountain Conference Resort,* 124 F.3d 1221, 1229 (10th Cir.1997).